## Saunders v. McFaul
*[Cite as 8 AOA 378]*

Case No. 57742
Cuyahoga County, (8th)
Decided December 20, 1990

John E. Duda, 330 Western Reserve Building, 1470 West Ninth Street, Cleveland, Ohio 44113, for Plaintiff-Appellant.

*Michael P. Butler and Steven J. Celebrezze, Assistant County Prosecutors, Courts Tower - Justice Center, 1200 Ontario Street, Cleveland, Ohio 44113, for Defendants-Appellees.*

NAHRA, J.

Plaintiff-appellant Anthony Saunders appeals the trial court's grant of summary judgment in favor of defendants-appellees Gerald T. McFaul, Sheriff, and James Hartman. Saunders also appeals the trial court's grant of a motion to dismiss by the Board of County Commissioners, a defendant-appellee.

On February 19, 1988, Saunders was imprisoned in pod 8A of the Cuyahoga County jail. While sitting on the floor against the wall waiting to use a telephone in pod 8A, Saunders alleged that he was struck with a broom between twenty and thirty times by another inmate, Donald Gaines. As a result, Saunders alleged he suffered various injuries including a broken jaw, three missing teeth, and lacerations over his face and body.

In his deposition, Saunders stated that he did not have any prior knowledge or expectation that Gaines was going to strike him with the broom. However, Saunders stated that Gaines verbally threatened him about thirty to forty minutes prior to the assault. Saunders did not report the threat to the corrections officer assigned to guard the pod area. Saunders further alleged that James Hartman, the on-duty corrections officer,

stood by and watched the beating take place and allowed it to continue until Gaines voluntarily stopped.

In his deposition, Hartman testified that he was performing his fifteen minute security cell check at the time of the assault and that he was behind a pillar at the opposite end of the fight location in pod 8A. Hartman stated that he became aware of the altercation when he heard three cracks in the pod area. After stepping around the pillar, Hartman testified that he saw a crowd of people congregated around the phone area. He stated that he saw a broom handle going up and down in the air. Hartman further testified that he first saw the broom in inmate Gaines' hands after he reached the area of assault and just prior to the responding officers' arrival on the scene. Hartman stated that he hit his portable alarm transmitter and informed master control of the emergency in pod 8A when he arrived at the spot of the assault.

On March 25, 1988, Saunders filed a complaint for money only against Gerald T. McFaul, Cuyahoga County Sheriff, the Board of County Commissioners, and James Hartman, a corrections officer employed by the sheriff's office. Saunders alleged that the defendants were negligent in failing to protect him from injury and in failing to provide sufficient assistance during the attack. He also alleges that he was denied his civil rights by the defendants.

The defendants filed their answer and denied all material averments in the complaint. Subsequently, on July '8, 1988 the trial court granted the Board of County Commissioners' motion to dismiss pursuant to Civ. R. 12(B) (6). On April 28, 1989, the trial court granted McFaul's and Hartman's motion for summary judgment. This appeal follows.

### I.

Appellant's first and second assignments of error are interrelated and shall be examined together. They state:

"1. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE GERALD T. MCFAUL.

"2. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE JAMES HARTMAN."

Summary judgment will be rendered in a case where "there is no issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." Ohio R. Civ. P. 56(C). A court will look to the parties' pleadings to determine the issues and to see if any written admissions were made. The court then turns to the documentary evidence to determine whether a genuine issue of material fact exists. A genuine issue of material fact exists when the relevant factual allegations contained in the documentary evidence attached to a summary judgment motion and opposition brief are in conflict. *Duke v. Sanymetal Co.* (1972), 31 Ohio App. 2d 78, 286 N.E.2d 324. Summary judgment disposition is appropriate when reasonable minds can come to but one conclusion after reviewing the evidence and that conclusion is adverse to the nonmoving party. Ohio R. Civ. P. 56(C).

On appeal, the reviewing court evaluates the record from a summary judgment proceeding in a light most favorable to the nonmoving party. *Williams v. First United Church of Christ* (1974), 37 Ohio St. 2d 150, 309 N.E. 2d 924. The inferences to be drawn from the underlying facts contained in depositions, affidavits, and exhibits must be construed in the opposing party's favor. When construed this way, the motion must be overruled if reasonable minds could find for the party opposing the motion. *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433, 424 N.E.2d 311.

Officers and jailers have a duty to exercise reasonable care for the safety of prisoners committed to their custody, and to guard against dangers which were known or which should have been known to the jailers. *Jenkins v. Krieger* (1981), 67 Ohio St. 2d 314, 423 N.E. 2d 857, *cert. denied* (1981), 454 U.S. 1124; *Clemets v. Heston* (1985), 20 Ohio App. 3d 132, 485 N.E. 2d 287; see also *Justice v. Rose* (1957), 102 Ohio App. 482, 144 N.E. 2d 303, syllabus. Such common law duty for a sheriff is codified in R.C. 341.01 which states:

*"The sheriff* shall have charge of the county jail and all persons confined therein. He *shall keep such persons safely,* attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction." (Emphasis added.)

Here, Saunders testified in his deposition that Gaines had made threatening remarks to him about forty minutes prior to the incident but that Saunders failed toe report such threats to the corrections' officer. However, Saunders also testified that Hartman stood at close proximity and watched Saunders be beaten with a broom over a period from seven to fifteen minutes.

During such time, Saunders alleges Hartman took no action. Hartman testified that he never saw the actual beating.

Construing the evidence in favor of Saunders, we believe that a genuine issue of material fact existed whether Hartman exercised reasonable care under his duty to preserve Saunders' safety. As a result, the trial court erred when it entered summary judgment for Hartman.

The trial court also erred by granting summary judgment for Sheriff McFaul. McFaul contends that R.C. 2744.02(B) (4) provides immunity to the sheriff from injuries caused by the negligence of his employees on the grounds of the jail. R.C. 2744.02(B) (4) states:

"Political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, *but not including jails,* places of juvenile detention, workhouses, or any detention facility, as defined by in section 2921.01 of the Revised Code."

However, Saunders contends that Sheriff McFaul is not immune from civil liability because he is not a political subdivision as defined in R.C. 2744.01(F). R.C. 2744.01(F) states:

"'Political subdivision' or 'subdivision' means a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state. 'Political subdivision' includes, but is not limited to, a county hospital commission appointed under section 339.14 of the Revised Code, regional planning commission created pursuant to section 713.21 of the Revised Code, county planning commission created pursuant to section 713.22 of the Revised Code, joint planning council created

pursuant to section 713.231 [713.23.1] of the Revised Code, interstate regional planning commission created pursuant to section 713.30 of the Revised Code, port authority created pursuant to section 4582.02 or 4582.26 of the Revised Code or in existence on December 16, 1964; regional council established by political subdivisions pursuant to Chapter 167. of the Revised Code, emergency planning district and joint emergency planning district designated under section 3750.03 of the Revised Code, and a joint interstate emergency planning district established by an agreement entered into under that section."

Thus the Legislature has defined "political subdivision" to include generally municipalities, townships, counties and school districts or other "body corporate and political". This definition is not broad enough to include the Sheriff. The statute goes on to enumerate various commissions or authorities as "political subdivisions" and again the Sheriff is not included. Therefore, the trial court erred in finding statutory immunity was available to the Sheriff.

In Saunders' complaint, he averred that his civil rights had been violated.

A cause of action may be brought under 42 U.S.C. Sec. 1983 based on the deliberate indifference to a prisoner's serious illness or injury. *Estelle v. Gamble* (1976), 429 U.S. 97; See *McGhee v. Foltz* (C.A. 6, 1988), 852 F.2d 876.[1] However, merely negligent failure to protect a prisoner from attack does not justify liability under Sec. 1983. *Davidson v. Cannon* (1986), 474 U.S. 344, 347-48.

Saunders contends that a genuine issue of material fact exists with respect to whether Hartman was deliberately indifferent to Saunders' injuries. Saunders testified that Hartman watched Gaines strike Saunders repeatedly with a broom and Hartman took no measures to help Saunders. We believe a question of fact remains of whether Hartman's actions constituted deliberate indifference to or reckless disregard for Saunders safety and whether Saunders was deprived of his civil rights under 42 U.S.C. Sec. 1983.

However, in the absence of any alleged personal involvement of the deprivation of Saunders' rights or any allegation that Hartman was carrying out a policy established by Sheriff McFaul, we find that the trial court's grant of summary judgment for Sheriff McFaul was appropriate with respect to the

civil rights claim. *Molton v. City of Cleveland* (C.A. 6, 1988), 839 F. 2d 240, *cert. denied* 109 S. Ct. 1345; *McDonald v. State of Illinois* (C.A. 6, 1977), 557 F. 2d 596; see *Wilson v. Beebe* (C.A. 6, 1980), 612 F. 2d 275.

### III.

Appellant's third assignment of error states:

"THE TRIAL COURT ERRED IN GRANT-
ING DEFENDANT-APPELLEE
BOARD OF COUNTY COMMISSIONERS'
MOTION TO DISMISS."

For a trial court to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ. R. 12(B)(6), it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. University Community Tenant's Union* (1975), 42 Ohio St. 2d 242, 327 N.E. 2d 753, syllabus.

Saunders contends that he has stated a claim against the Board of County Commissioners by alleging vicarious liability for the torts committed by its agents McFaul and Hartman.

R.C. 307.01(A), which designates the Board of County Commissioners as the agency to determine the necessity of jail construction, states in pertinent part:

"A courthouse, jail, public comfort station, offices for county officers, and a county home shall be provided by the board of county commissioners when, in its judgment, any of them are needed."

There is nothing within R.C. 307.01 to suggest that the Board of County Commissioners has control over the operation of jails with respect to the duty to keep its inmates safe. Counties possess only those powers and duties imposed on them by statute. *Applegate v. Duncunside Park* (1986), 28 Ohio App. 3d 88, 90, 502 N.E.2d 249. In the absence of any statutory duty on the Board of County Commissioners to control Sheriff McFaul or Hartman in keeping the jail safe, we believe the trial court properly dismissed Saunders' claim of vicarious liability.

Appellant's assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed in part and reversed and remanded in part.

DYKE, P.J., and SWEENEY, J., concur.

---

[1] Title 42 U.S.C. Sec. 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."