OPINION
Plaintiffs-appellants, Margaret Wilhelm, Michelle Pape and Dionne Allen, appeal an order of the Butler County Common Pleas court granting summary judgment to their landlord, defendant-appellee, Heritage Management. Appellants commenced this action to recover damages resulting from a fire that occurred on July 9, 1994 at the Heritage Glen Apartments, managed by appellee. Appellants' complaint alleged that appellee was negligent in maintaining the apartments and preventing the fire. Appellee timely filed an answer and the matter was set for trial.
Appellee filed a motion for summary judgment and appellants filed a motion in opposition. The trial court by its decision and entry granted summary judgment to appellee. Appellants maintain that they produced sufficient evidence of negligence, proximate cause and damages to preclude summary judgment in appellee's favor. We agree and reverse and remand for the reasons hereinafter stated. Appellants' sole assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES INSOFAR AS THERE EXISTED GENUINE ISSUES OF MATERIAL FACT.
Under Civ.R. 56, summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509. It is well-settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330, 91 L.Ed.2d 265,106 S.Ct. 2548. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
This court reviews the lower court's granting of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * * The motion must be overruled if reasonable minds could find for the party opposing the motion. Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50.
In order to establish a cause of action for negligence, appellants bear the burden of proving that (1) appellee owed a duty of reasonable care towards appellants, (2) that appellee breached its duty of reasonable care and (3) that appellants suffered injures proximately caused by the breach. Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285.
Appellants' claim that appellee had a statutory duty to keep the electrical wiring in safe condition and in good repair. Appellants' rely on R.C. 5321.04 which defines the obligations owed by the landlord to the tenant:
 (A) A landlord who is a party to a rental agreement shall do all of the following:
 (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
* * *
 (4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him.
The purpose of the statute is to protect persons using rented residential premises from injuries. Shroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, 25. A violation of this statutory duty is negligence per se. Id. Appellants claim that negligence per se existed because appellee did not maintain the electrical system in a proper manner.
At the time of the fire, appellants lived at 595 Brookfield Drive, a building which housed twenty-four two bedroom apartments. The report of "Determination of Origin and Cause" from the Fairfield Fire Department found that:
 The fire originated in or around the ceiling area in the kitchen of apartment #207.
 The fire was accidental and was probably due to a short in the aluminum wiring located between the second and third floor of the building.
 The amount of the damage done by the fire prevented us from finding the exact location of this short.
Also introduced into evidence was the report of Peter O. Frye, Investigator of INS Investigations Bureau, Inc., a fire investigator retained by the insurance carrier of appellee, who concluded:
 Based upon my fire scene examination and the information obtained as of this date, it is my opinion that this fire originated above the ceiling of apartment 207, above the kitchen and adjacent bathroom. It is my opinion that this fire smoldered in this area for some time before it was discovered, as shown by the physical evidence. The probable cause for this fire is an electrical short, although the exact location of this short because of the extensive damage could not be determined. This is the only thing in this area capable of causing a fire.
We find that the expert testimony regarding the cause of the fire, together with evidence from appellants, establishes a question of material fact as to whether appellee maintained the electrical system in good and working order.
In determining whether there was a violation of a duty imposed by R.C. 5321.04, the trier of fact must consider whether the injuries at issue were proximately caused by the violation and whether the landlord had received notice of the defect. Shroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, 25. Reasonable attempts to inform a landlord of a defect provides sufficient notice, even if such efforts prove unsuccessful. Id.
A review of the record reveals that appellants repeatedly complained to appellee of various electrical malfunctions that occurred in their apartments. Appellant Dionne Allen, a tenant in apartment 205, testified that on many occasions her electricity would blink on and off repeatedly. Allen stated that she called appellee five or six times within a two month period and received no response. In describing the type of problems she had, Allen testified that the lights would go off and then come back on, and sometimes they would go off and stay off for approximately ten seconds and then come back on.
Appellant Margaret Wilhelm, a tenant in apartment 305, testified that she also complained of electrical problems to appellee. Wilhelm complained that she had problems with an outlet near her balcony and that whenever she plugged in anything, sparks would fly out and if you turned on the light switch for the balcony, you would get a red flash of light.
Additionally, appellant Michelle Pape, a tenant in apartment 304, testified that she had also complained to appellee of repeated problems with her electricity. Pape stated "I had problems with the ceiling fan because I would come home and turn it on and you would be sitting on my sofa and it would go off; lighting would flicker off and on quite a bit and I had made complaints about that." Notice under R.C. 5321.04 may be constructive and need not specifically express the state of the defect with particularity beyond the scope of a layperson's knowledge of a faulty electrical system. Blakley v. Riley (Jan. 7, 1992), Franklin App. No. 91AP-597, unreported.
A material question of fact is presented, based on the complaints of the malfunctioning electrical systems from three separate tenants, that appellees had notice that the electrical systems throughout the building were malfunctioning. Therefore, although appellants did not know the precise source of the electrical system malfunctions, appellee was provided with sufficient notice to satisfy the Shroades test and attach liability under R.C. 5321.04.
It must next be determined whether the malfunctioning electrical system was the proximate cause of the fire. Proximate cause has been defined by the Supreme Court in the following manner:
 Where an original act is wrongful or negligent and in a natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established, and the fact that some other act unites with the original act to cause injury does not relieve the initial offender from liability.
Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 287. Appellee argues that there was no evidence to establish what caused the fire. However, based on our review of the record, we find there is sufficient circumstantial evidence to present a material question of fact that the fire occurred as a result of a short circuit in the electrical system in the area of the origin of the fire. Construing the evidence in appellants' favor, we find the evidence raises genuine issues of material fact so as to preclude summary judgment. Appellants' assignment of error is sustained. Judgment reversed and remanded.
YOUNG, P.J., concurs.
POWELL, J., dissents.