JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Lester Hillier ("Hillier") and Debbie Hillier (collectively "appellants"), appeal from the trial court's summary judgment order that dismissed their negligence claim against defendant-appellee, AVI Foodsystems, Inc. ("AVI"). For the reasons that follow, we affirm.
 {¶ 2} AVI supplies vending machines located in the lower level of the Lincoln Electric plant where Hillier worked. The vending machines are located in a tunnel.
 {¶ 3} On the morning of January 7, 2002, Hillier observed an AVI van in the tunnel near the vending machines. Later that day, Hillier slipped while going down a staircase at work. He believes he slipped on oil. He claims his supervisor "almost fell" on oil in the tunnel while coming to his aid. Hillier testified that there was oil in the area where the AVI van had been parked.
 {¶ 4} The AVI employee who serviced the vending machines on January 7, 2002 testified that he discovered his van was leaking oil around May 2002. According to some witnesses, other vehicles occasionally leaked oil in that tunnel.
 {¶ 5} Appellants pursued a negligence cause of action against AVI. AVI moved for, and was granted, summary judgment. Appellants assert the following sole assignment of error for our review:
 {¶ 6} "I. The trial court erred to the prejudice of appellants in granting summary judgment in favor of appellee AVI Foodsystems, Inc., thus depriving appellants of the right to trial by jury when genuine issues of material fact remain to be litigated."
 {¶ 7} The party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial.Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 1992-Ohio-95.
 {¶ 8} This Court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704. Pursuant to Civ.R. 56(C), "the reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. The motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50;Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
 {¶ 9} Negligence must be established by the facts, "it will not be presumed." Boles v. Montgomery Ward Co. (1950),153 Ohio St. 381, 388. Plaintiffs must produce competent evidence of the following elements: duty, breach of the duty, and an injury proximately caused by the breach. Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75. Conversely, plaintiff cannot sustain a negligence claim based on "conjecture, guess, random judgment or supposition" or by impermissibly stacking inference upon inference. Boles, 153 Ohio St. at 389.
 {¶ 10} "Under the law of negligence, a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position. [citations omitted]. Injury is foreseeable if a defendant knew or should have known that its act was likely to result in harm to someone. [citations omitted]." Simmers v.Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 645. An independent contractor may be liable for dangerous conditions he created on real property of another. Id. "The contractor is liable to all those who may foreseeably be injured by the [dangerous conditions] if he fails to disclose dangerous conditions known to him or when the work is negligently negligently done. Jackson v. Franklin (1988),51 Ohio App.3d 51, 53 ." Klostermeier v. In Out Mart (Mar. 30, 2001), Lucas App. No. L-00-1204.
 {¶ 11} Appellants maintain that AVI created a dangerous condition by using a vehicle that leaked oil on the tunnel floor at Lincoln Electric. Appellants reason it was foreseeable to AVI that persons would track the oil from the tunnel onto the plant staircase, which caused Hillier's fall and injury. From that, appellants conclude AVI is liable to appellants for negligence. Appellants, however, cannot reach this conclusion without impermissibly building inference upon inference.[1]
 {¶ 12} The direct evidence establishes that AVI serviced the vending machines the morning of January 7, 2002; that there was oil on the floor of the tunnel in the area where the AVI van had been parked; and that there was oil on the step where Hillier fell.[2] Appellants infer that it was the AVI van that leaked the oil in the tunnel.[3] Appellants then speculate that the oil on the step originated from that location and no other source. To reach that conclusion, appellants hypothesize (1) that a recent plant shutdown should eliminate other vehicles as the possible source of the oil leak and (2) that someone tracked the oil from the tunnel onto the staircase. This reasoning is too tenuous to support the causation element causation element necessary to maintain the negligence claim against AVI in this case.
 {¶ 13} Because appellants cannot establish negligence without indulging in speculation and conjecture and/or building inference upon inference, neither of which is permissible, the trial court properly granted judgment in favor of AVI.
 {¶ 14} Appellants' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Cooney, J., concur.
[1] "`For the purpose of supporting a proposition, it is not permissible to draw an inference from a deduction which is itself purely speculative and unsupported by an established fact. Where an inference not supported by or drawn from a proven or known fact is indulged, and is then used as a basis for another inference, neither inference has probative value. Such a process may be described as drawing an inference from an inference, and is not allowable. At the beginning of every line of legitimate inferences there must be a fact, known or proved.'" Hurt v.Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329, 332, quoting Coal Mining Co. v. Calvert, 68 Ind. App. 474.
[2] We will presume the truth of appellants' evidence as required by the standard of review.
[3] AVI did not notice oil leaking from the van until May 2002, which was five months after Hillier fell.