JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Seaway Acceptance Corporation ("Seaway"), appeals the trial court's ruling, which granted summary judgment in favor of appellees, Jamestown Life Insurance Company ("Jamestown") and First Colony Life Insurance Company ("First Colony").[1] After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} In January 1992, Rudolph Ligtvoet, II ("Ligtvoet"), represented by his attorney L. Ray Jones ("Jones"), settled a personal injury lawsuit with Motorists Mutual Insurance Company ("Motorists"). This settlement resolved litigation that stemmed from an automobile accident that occurred on November 16, 1989. Pursuant to the settlement agreement, Ligtvoet and Jones were to receive periodic payments jointly, and Ligtvoet was to receive additional periodic payments individually. Motorists entered into a Uniform Qualified Assignment with Jamestown whereby Motorists transferred its payment obligations under the settlement agreement to Jamestown. Jamestown purchased an annuity contract from First Colony in order to fund its payment obligations.
 {¶ 3} The periodic payments pertinent to this appeal include a payment of $45,000, to be paid jointly to Ligtvoet and Jones on January 11, 2008, and a payment of $75,000, to be paid individually to Ligtvoet on January 11, 2013.
 {¶ 4} On March 20, 2003, Seaway obtained a judgment against Ligtvoet for $34,663.50 plus ten percent interest. Ligtvoet failed to satisfy the judgment, and Seaway filed a complaint for a creditor's bill on May 11, 2005. Seaway's complaint sought a court order instructing Jamestown and First Colony to pay portions of the periodic payments owed to Ligtvoet and Jones directly to Seaway to satisfy Seaway's judgment against Ligtvoet.[2] On December 1, 2005, Seaway filed a motion for order to distribute funds, which asked the trial court to direct Jamestown and First Colony to pay Seaway $30,000 from the funds due to Ligtvoet and Jones on January 11, 2008, and then pay the balance of the judgment owed to Seaway out of the $75,000 due to Ligtvoet on January 11, 2013. Briefs in opposition and motions were filed.
 {¶ 5} On January 12, 2006, Jamestown and First Colony filed a motion for summary judgment, arguing that the relief requested by Seaway was unsupported and violated the Structured Settlement Protection Act, the 1992 settlement agreement, the uniform qualified assignment, and the First Colony annuity contract. On March 17, 2006, the trial court denied Seaway's motion for an order to distribute funds and granted the motion for summary judgment filed by Jamestown and First Colony.
 {¶ 6} Seaway appeals citing one assignment of error:
 {¶ 7} "I. The trial court erred by failing to take into consideration O.R.C. 2333.01 and case law which allows a creditor to attach proceeds of an insurance settlement by use of a Creditor's Bill when such proceeds become due and payable to the beneficiary."
 {¶ 8} Seaway contends that the statutory language provided in R.C.2333.01 allowed it, as a creditor, to receive portions of the proceeds subject to the 1992 settlement agreement, thus the trial court erred in granting summary judgment in favor of appellees. After review of the record and applicable law, we find that such an attachment is contrary to law, and that appellant's assignment of error is without merit.
 {¶ 9} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
 {¶ 10} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 11} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim.'" Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 12} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 13} In reviewing the 1992 settlement agreement, it is clear that Motorists assigned its payment obligations to Jamestown and Jamestown advised that it would finance the payments by purchasing an annuity contract from First Colony. These arrangements were agreed to by all parties and the presiding court in finalizing the settlement agreement. The agreement also contained a non-assignment clause, which read:
 {¶ 14} "VI. NONASSIGNMENT BY CLAIMANT. The periodic payments to be received by Claimant [Ligtvoet] * * * are not subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge or encumbrance by Claimant."
 {¶ 15} In addition, the annuity contract purchased by Jamestown from First Colony contained a "spendthrift trust" clause, which read:
 {¶ 16} "Payments to be made under this Contract are held in trust for the payee [Ligtvoet] and are not subject to the claims of creditors of any payee or to any legal process against any payee. Any payment to be made to a payee may not be transferred, commuted, or encumbered by such payee."
 {¶ 17} Despite the clear contractual obligations set forth in the above agreements, which prohibit a creditor such as Seaway from attaching a creditor's bill to the periodic payments of the settlement agreement, Seaway nevertheless argues that the payments at issue fall within the purview of R.C. 2333.01 and are attachable. Seaway would have this court order First Colony to distribute funds directly to Seaway that First Colony was contracted to pay to Ligtvoet and Jones. While such relief is clearly contrary to the "spendthrift trust" provision of the annuity contract, Seaway argues that the dictates of R.C. 2333.01
override spendthrift trusts and allow for such relief. R.C. 2333.01
reads:
 {¶ 18} "When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods or effects which he has in the possession of any person or body politic or corporation, shall be subject to the payment of the judgment by action."
 {¶ 19} The Ohio Supreme Court analyzed the affect of R.C. 2333.01 on spendthrift trusts in Scott v. Bank One Trust Co., N.A. (1991),62 Ohio St.3d 39, where it held that such spendthrift trust provisions are enforceable and prevent creditors from attaching any payments due a beneficiary stating:
 {¶ 20} "R.C. 2333.01, the `creditor's bill' statute, makes various equitable interests of a judgment debtor subject to the payment of the judgment. Some have argued that this statute actually forbids the enforcement of a spendthrift trust. * * * this argument suffers * * *. It is true that a judgment debtor's equitable interests are liable to execution of the judgment. But the statute speaks only of those interests `which * * * [the judgment debtor] has * * *.' (Emphasis added.) And the beneficiary of the spendthrift trust has no interest that can be executed upon because the trustor did not give him such an interest. The General Assembly undoubtedly could have outlawed spendthrift trusts, but it has not." Id. at 48-49.
 {¶ 21} Seaway cannot execute a creditor's bill on any of the periodic payments contracted to be paid to Ligtvoet and/or Jones because Ligtvoet and/or Jones have no legal rights or interests in those payments until the payments are received by them, pursuant to the spendthrift trust provision of the annuity contract. Seaway would have recourse to collect from Ligtvoet and/or Jones once they receive the payments, but the relief sought by Seaway here is contrary to applicable law. Appellees were entitled to summary judgment as a matter of law, and appellant's assignment of error fails.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR
[1] After this appeal was filed, First Colony Life Insurance Company merged with Genworth Life Annuity Insurance Company and ceases to exist as an entity. Appellee filed a motion to substitute Genworth Life Annuity Insurance Company as party-appellee in First Colony's stead. The motion was granted by this court on January 18, 2007 (Motion No. 392542).
[2] Ligtvoet, Jamestown, and First Colony were the named defendants in the complaint, while Jones was added as a named defendant pursuant to appellant's amended complaint.