JOURNAL ENTRY AND OPINION
{¶ 1} Appellants, Joanne and James Bandlow (collectively "the Bandlows"), appeal the trial court's decision, which awarded summary judgment in favor of appellee, Anthony Cesarespada. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} This case arises from a dispute between the landlord and tenants involving basement water damage. On December 14, 2004, the Bandlows entered into an agreement with Cesarespada to lease his rental property located on South Lake Shore Boulevard in the city of Euclid. The record indicates that shortly after the lease agreement was entered into, the Bandlows began to raise concerns about water damage in the basement of the house and the effect that it may have on their *Page 2 
health. Although Cesarespada attempted to remedy the problem, the Bandlows were dissatisfied and ceased meeting their obligations under the lease.
 {¶ 3} On May 17, 2005, Cesarespada filed a claim in the Euclid Municipal Court seeking to have the Bandlows evicted from his property. On June 24, 2005, the Bandlows filed an answer and counterclaim alleging retaliatory eviction, failure to timely install an air conditioning unit, violation of a landlord's duty to provide a safe and habitable premises, fraudulent concealment, misrepresentation, and failure to disclose and/or repair a water problem On June 15, 2005, the Bandlows petitioned to disqualify the Euclid Municipal Court judge because they felt she was biased. Their petition was granted, and case was transferred to the South Euclid Municipal Court; however, it was eventually bound over to the common pleas court because the amount of damages alleged by the parties exceeded the municipal court's jurisdiction.
 {¶ 4} On October 4, 2005, the Bandlows moved for judgment on the pleadings, and their motion was denied on December 7, 2005. On May 5, 2006, the parties entered into an agreed judgment entry wherein it was stated that the Bandlows would not be evicted from Cesarespada's property, provided they obeyed the terms of the lease agreement. On June 13, 2006, Cesarespada filed a motion for summary judgment seeking to dismiss the Bandlows' counterclaims. The Bandlows responded by filing a brief in opposition on July 19, 2006. On September 9, *Page 3 
2006, the trial court granted summary judgment in Cesarespada's favor, specifically holding that the Bandlows failed to present genuine issues of material fact in support of their counterclaims. It is from this decision that the Bandlows appeal, citing two assignments of error.
 {¶ 5} "I. Overlooking genuine issues of material fact under Civ.R. 56 was reversible error.
 {¶ 6} "II. Using Civ.R. 7(A) to prohibit amendment of existing counterclaims under Civ.R. 15(A) was reversible error."
 {¶ 7} Although the Bandlows assert two assignments of error, at the crux of their appeal is their argument that the trial court erred when it granted summary judgment in favor of Cesarespada. Specifically, they assert that genuine issues of material fact remain to litigate regarding their counterclaims, thus summary judgment was not warranted. We disagree.
 {¶ 8} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse *Page 4 
to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 9} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 10} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id. *Page 5 
 {¶ 11} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 12} The first counterclaim asserted by the Bandlows alleges retaliatory eviction. Although they argue that they were wrongfully evicted, it is clear from the agreed judgment entry entered into between the parties that the Bandlows were never evicted. The terms of the agreed judgment entry provided that the Bandlows would be permitted to remain at the rental property as long as they complied with the terms of the original lease agreement. Accordingly, because Cesarespada never evicted the Bandlows, they are barred from asserting a claim for retaliatory eviction.
 {¶ 13} The Bandlows' remaining counterclaims alleged that their health was compromised by the damp conditions of the property and that Cesarespada failed to remedy the problem.[1] In addition, they argue that the presence of water damage in a home creates the presumption of injury and that, because of the damp air and lack *Page 6 
of air conditioning, they had a difficult time breathing and were likely exposed to mold spores.
 {¶ 14} Although appellants claim to have suffered medical injuries, they failed to present the trial court with any evidence to support exposure to harmful molds or toxins. Additionally, Joanne Bandlow specifically stated that she had not been treated for any injuries, nor had she even seen a doctor regarding her health concerns. It is also important to note that at oral argument James Bandlow admitted that he did not have an expert report to prove that the water damage in the basement, or the lack of an air conditioning unit, caused personal injuries to him or his wife. Because the Bandlows failed to substantiate any of their medical claims at both the trial and appellate levels, the trial court did not err when it granted summary judgment in favor of Cesarespada.
 {¶ 15} It is clear that no genuine issues of material fact remain to litigate regarding the Bandlows' counterclaims. Accordingly, their assignments of error are overruled.
Judgment is hereby affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR
[1] At oral argument on July 27, 2007, both parties conceded that the only remaining claim was the Bandlows' personal injury action. *Page 1