JOURNAL ENTRY AND OPINION
{¶ 1} John Hogan, Sam Holcombe, and James Harris (collectively "appellants"), appeal the trial court's granting of summary judgment in favor of appellee, Cuyahoga County Agricultural Society ("the Society"). After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On May 31, 2007, appellants filed a complaint against Gregory and Honester Davidson ("the Davidsons") and the Society. On July 9, 2007, the Davidsons filed an answer and counterclaim. On July 31, 2007, the Society filed an answer and a motion for summary judgment. On September 26, 2007, appellants filed a brief in opposition to the Society's motion and also filed their own motion for summary judgment. On October 31, 2007 the trial court denied appellants' motion, but granted summary judgment in favor of the Society. On February 14, 2008, appellants voluntarily dismissed their claims against the Davidsons.
 {¶ 3} The facts that gave rise to this case began in 1998 when a group of friends, including appellants and the Davidsons, discussed leasing a barn at the Cuyahoga County Fairgrounds from the Society. In 2000, via a barn lottery that was won by Honester Davidson, the parties entered into a lease agreement for a barn with the Society. The parties then subleased the barn to others. The parties collected rent, bought supplies, and paid all expenses. From 2001 to 2006, the parties paid rent to the Society and annually renewed their lease. *Page 2 
 {¶ 4} In April 2006, there was a split between the Davidsons and appellants. According to appellants, the Davidsons "abandoned" the barn, which left the collection of rent and payment of expenses to appellants, and from January 2006 to March 2007, appellants collected all rents and paid the Society. According to the Davidsons, they did not abandon the barn. The Davidsons allege that they decided they no longer wanted to keep their arrangement with appellants after appellants refused to make an accounting of rents collected and expenditures. The Davidsons also assert that they have continued to pay rent, but that appellants have not paid any 2007 rent, thus requiring the Davidsons to pay the entire rent themselves.
 {¶ 5} Regardless of the circumstances surrounding the breakdown of the relationship between the Davidsons and appellants, in March 2007, the Society created a lease with only the Davidsons listed as lessees. Although the lease was signed in March 2007, it indicates that the lease period would run from January 2007 to December 2007. After creating the new lease agreement with the Davidsons, the Society requested that appellants vacate the property. As a result, appellants filed this lawsuit against the Society seeking a declaration of their rights regarding the property.
 Review and Analysis *Page 3 {¶ 6} Appellants bring this appeal asserting one assignment of error for our review.
 {¶ 7} "I. The trial court erred in granting the defendant-appellee's motion for summary judgment; and in denying the plaintiffs-appellants' motion for summary judgment."
 {¶ 8} Appellants argue that the trial court erred in granting the Society's motion for summary judgment. Additionally, they allege that the trial court should have granted summary judgment in their favor. These arguments are without merit.
 {¶ 9} "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
 {¶ 10} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 330,106 S.Ct. 2548, *Page 4 91 L.Ed.2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 11} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving partys claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ. R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 12} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto County Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ. R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party *Page 5 
opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50,593 N.E.2d 24; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741,607 N.E.2d 1140.
 {¶ 13} After a review of the lease, we find that this lawsuit is now moot. According to the 2007 lease, the lease term included January 1, 2007 through December 31, 2007. Because it is now 2008, appellants' claims are moot; however, even if their claims were not moot, for the reasons below, we find that the trial court properly granted summary judgment because appellants lack standing to sue.
 {¶ 14} In granting summary judgment, the trial court stated that, "the [2007] lease is clear that the parties to the lease from 1/1 to 12/31/07 are the Agricultural Society and the Defendants Gregory and Honester Davidson. The fact that some of the plaintiffs were separately named as lessees on past leases does not give them a right to be named as lessees in future leases. * * * Therefore, the plaintiffs have no right to the premises under the [2007] lease."
 {¶ 15} In order for appellants to bring this suit, they must have standing. Standing requires that appellants suffered an actual injury connected to the alleged wrongful conduct and that it is likely a favorable decision will redress the injury. Lujan v. Defenders ofWildlife (1992), 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed. 2d 351. Further, in order for appellants to bring this suit, they *Page 6 
must be a party to it, or a third party beneficiary. Trinova Corp. v.Pilkington Bros., P.L.C., 70 Ohio St.3d 271, 1994-Ohio-524,638 N.E.2d 572.
 {¶ 16} Appellants make various arguments regarding past leases they may have been a part of; however, the 2007 lease clearly indicates that the agreement is between only the Davidsons and the Society. Appellants are not named anywhere in the document. "Parol evidence is generally inadmissible to show the intention of the parties to a lease when the lease is unambiguous and unequivocal." Parkbrook Dev. Corp. v. NorthernReflections (Apr. 27, 1995), Cuyahoga App. No. 66712. The 2007 lease is unambiguous; therefore, it would be inappropriate to consider any outside evidence. Clearly, appellants are not parties to the 2007 lease. We also find that appellants are not third-party beneficiaries because the lease expressly denies third-party rights. Appellants lack standing to sue because they are not parties or third-party beneficiaries. Accordingly, appellants' assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., JUDGE
 JAMES J. SWEENEY, A.J., and MARY JANE BOYLE, J., CONCUR. *Page 1