JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Bobette Heard, appeals from the trial court's decision granting summary judgment in favor of the defendant, Continental Casualty Insurance Company ("Continental"), regarding a Scott-Pontzer
insurance coverage issue. Heard and Continental are the only relevant parties to this appeal.[1] Heard brought a derivative claim against Continental, her employer's insurer, for damages she sustained when an underinsured motorist struck her three-year-old son with his pickup truck while her son was walking across a street. After reviewing the record and applicable law, we affirm the decision of the trial court.
 {¶ 2} On August 28, 2001, at 11:25 a.m., Aaron Ligon, the three-year-old son of Bobette Heard and Desmond Ligon, was struck by a pickup truck driven by Phillip Leslie. Aaron was attempting to cross Superior Avenue near East 84th Street in Cleveland; he was alone and unsupervised when he was hit by Leslie's truck in the center of the four-lane road. Aaron suffered serious injuries as a result of the accident. On December 11, 2001, Aaron's parents, individually and on behalf of Aaron, filed suit against Leslie claiming he was negligent in the operation of his motor vehicle. The plaintiffs also filed suit against John Key, Erie Distributing Company, and American Vineyards Company, alleging they were negligent by improperly parking a large beverage delivery truck near the intersection of East 84th Street and Superior Avenue. The plaintiffs claimed the delivery truck obstructed Aaron's view of the street, contributing to the accident.
 {¶ 3} Heard did not have personal automobile insurance at the time of the accident. She was employed by Provide-A-Ride, which was insured under a business auto policy issued by Continental. On April 26, 2002, pursuant to the holding in Scott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999),85 Ohio St.3d 660, the law at the time of the accident, Heard amended her complaint adding Continental as a defendant. Heard sought uninsured/underinsured ("UM/UIM") motorist coverage under her employer's business auto policy issued by Continental, claiming she and her son were insureds. An interrogatory establishes that Heard was working at Provide-A-Ride at the time of Aaron's accident.
 {¶ 4} Continental filed a counterclaim for declaratory judgment asking the trial court to declare that no UM/UIM benefits were available to the plaintiffs under the business auto policy. Continental also asserted a counterclaim against Bobette Heard and Desmond Ligon for negligent supervision. On October 28, 2002, Continental filed a motion for summary judgment. On September 11, 2003, the trial court granted Continental's motion for summary judgment holding that neither Heard, nor her son, were occupying a "covered auto" at the time of the accident, as defined by Continental's policy; therefore, they were not insureds.
 {¶ 5} On June 4, 2004, the plaintiffs settled their claims with the remaining defendants, and the trial court entered a final judgment. In the interim, on November 5, 2004, the Ohio Supreme Court decidedWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849,797 N.E.2d 1256, which limited the holding of Scott-Pontzer and overruled the holding in Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557, 715 N.E.2d 1142.
 {¶ 6} Heard ("appellant") brings this timely appeal alleging that the trial court erred by granting summary judgment in favor of Continental with regard to her derivative claim. In her sole assignment of error, she asserts that the trial court erred by failing to address her derivative claim against Continental and instead focused solely on Aaron's claim for coverage under Continental's policy. She requests that her cause be remanded back to the trial court to allow her to argue that the holding in Galatis permits her to bring a derivative claim because she was within the course and scope of her employment at the time of Aaron's accident, making her an insured under the policy by operation of law. We find appellant's claim without merit.
 {¶ 7} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
 {¶ 8} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,604 N.E.2d 138.
 {¶ 9} In Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record whichdemonstrate the absence of a genuine issue of fact or material element ofthe nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 10} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saundersv. McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v.Leadworks Corp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 11} In Galatis, the Ohio Supreme Court limited the effect ofScott-Pontzer by holding that an employee of a corporate named insured is not entitled to UM/UIM coverage under a policy of insurance unless the employee was within the course and scope of his/her employment at the time the claim arises. The Court specifically stated, "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorists coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of the employment. Additionally, where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at ¶ 62.
 {¶ 12} In the instant matter, in an interrogatory attached to Continental's motion for summary judgment, the appellant stated that she was working for her employer at the time of Aaron's accident. Because of this fact, the appellant claims she is automatically entitled to insurance coverage under the Continental policy, since the policy in question is similar to the policy at issue in Scott-Pontzer. However, the appellant misinterprets the holding of Galatis. Simply because she was working at Provide-a-Ride at the time of Aaron's accident does not provide her automatic coverage under Continental's policy. According to the Court's reasoning in Galatis, the appellant's loss must be at least causally related in some way to her employment with Provide-A-Ride or must have occurred in the furtherance of the employer's interests.
 {¶ 13} It is undisputed that the appellant was not anywhere near her son when he was struck by Leslie's vehicle. Nor does the appellant attempt to claim that Aaron's accident is somehow causally connected to her employment with Provide-A-Ride. Whether the injury occurs during the course and scope of employment is more of a question of causality, rather than simply a chronological event that fulfills a condition precedent for recovery.
 {¶ 14} It is clear from the facts in this case that Aaron's accident (the loss) was entirely unrelated and occurred clearly outside the appellant's course and scope of employment with Provide-A-Ride. An examination of the policy issued by Continental fails to reveal any language that would specifically provide insurance coverage to the appellant or her son. Therefore, the appellant does not qualify as an insured under the Continental policy.
 {¶ 15} Accordingly, we find that the trial court properly granted summary judgment in favor of Continental in light of the Galatis
decision. We need not consider any other of the appellant's arguments; therefore, the appellant's sole assignment of error is overruled and the decision of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and McMonagle, J., Concur.
[1] Other named plaintiffs include Aaron Ligon, the three-yearold boy who was injured in the accident, and Desmond Ligon, Aaron's father and legal guardian. Other named defendants include Phillip Leslie, the tortfeasor; American Vineyards Company, Erie Distributing Company, and John Key.