JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Kenneth Hageman, appeals the trial court's decision granting summary judgment in favor of appellees. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On October 12, 2004, appellant filed a civil complaint against Oak Tree Physicians Inc. ("Oak Tree"); Oak Tree's employee, Thomas J. Thysseril, M.D.; Southwest General Health Center ("Southwest"); Barbara A. Belovich Esq.; and appellant's ex-wife, Janice Galehouse-Hageman ("Galehouse"). The complaint alleged that Dr. Thysseril and Oak Tree improperly authorized the release of his medical records during the course of his divorce proceedings. In addition, appellant argued that Galehouse and Belovich disclosed his medical records to third parties without his permission.
 {¶ 3} Appellant and Galehouse were parties to a domestic relations case, and Belovich served as legal counsel for Galehouse.
 {¶ 4} On April 12, 2005, the trial court ordered appellant to provide expert reports by August 15, 2005 and scheduled trial for February 13, 2006. Dr. Thysseril and Oak Tree responded by filing a joint motion for summary judgment. Shortly thereafter, motions for summary judgment were also filed by Southwest, Galehouse, Belovich and Boules, and appellant filed a motion for summary judgment in response to Belovich's counterclaim.
 {¶ 5} On February 3, 2006, the trial court granted the motions for summary judgment of Dr. Thysseril, Oak Tree, Southwest, Belovich and Galehouse. Appellant timely appealed.
 {¶ 6} The incident that gave rise to the present case began on January 10, 2003, when appellant received psychiatric treatment from Dr. Thysseril. During that initial appointment, Dr. Thysseril diagnosed appellant as having bipolar disorder and documented that he had homicidal thoughts toward his wife. Galehouse was present during that initial appointment. At the time appellant began psychiatric treatment, he and Galehouse were living in the same home with their young daughter.
 {¶ 7} On February 19, 2003, Galehouse filed for divorce against Hageman. Because of her husband's erratic and threatening behavior, Galehouse also requested a restraining order, which was granted by the trial court. On March 26, 2003, appellant filed a pro se answer and counterclaim to Galehouse's complaint. In the counterclaim, appellant sought legal custody of their minor child.
 {¶ 8} On July 4, 2003, appellant and Galehouse had an altercation at their home during which appellant ran over Galehouse with his truck, breaking her wrists. The altercation occurred while their daughter was present. As a result of this incident, appellant was charged with aggravated vehicular assault. A jury found him not guilty on March 9, 2004.
 {¶ 9} Because of the July 4th incident, Galehouse sought a domestic violence civil protection order on July 9, 2003, which the domestic relations court granted. In that order, the court gave Galehouse temporary residential legal custody of the couple's minor child and suspended appellant's contact and visitation rights. The court scheduled the matter for a full hearing on July 17, 2003; however, it was continued until October 17, 2003.
 {¶ 10} On July 21, 2003, appellant retained legal counsel, and Boulas entered his first appearance on behalf of appellant. Knowing that appellant was currently receiving psychiatric treatment, Boulas determined that a positive prognosis from Dr. Thysseril was essential to appellant's case. On July 23, 2003, appellant and Boulas met with Dr. Thysseril. During their meeting, appellant requested that Dr. Thysseril author a report indicating that appellant's prognosis was good, as long as he continued with treatment, recommendations and follow-up visits. The report was submitted to the trial court on July 29, 2003.
 {¶ 11} In preparation for the civil protection order hearing, Belovich issued a trial subpoena ordering Dr. Thysseril to appear with appellant's psychiatric records for use during the hearing. Thysseril contacted Belovich and informed her that, because of scheduling conflicts, he would not be able to appear. Belovich requested that, in lieu of appearing at the hearing, Dr. Thysseril send her a copy of appellant's psychiatric medical records. Appellant filed no objection to the production of his medical records, nor did he seek to exclude the records from the proceedings.
 {¶ 12} Prior to the civil protection hearing, the parties had stipulated to an agreed order of protection, which was adopted by the domestic relations court. Soon after, the parties entered into a separation agreement and agreed that Galehouse would be the residential parent, and appellant would have visitation with his daughter for 60 days out of the year, supervised by either his father or brother. In addition, appellant agreed to continue psychiatric treatment and further agreed that he would only be permitted unsupervised visitation with his daughter when the guardian ad litem determined that he was fully complying with his treatment plan.
 {¶ 13} Less than one month later, appellant filed a complaint in the common pleas court alleging unauthorized disclosure of medical records. In his complaint, he argued that his psychiatric records that were at issue during his domestic relations matter were unlawfully released to the prosecution during his domestic violence case. After the parties filed numerous cross motions for summary judgment, the common pleas court granted summary judgment in favor of the defendants named in appellant's complaint.
 {¶ 14} Appellant brings this appeal asserting four assignments of error.[1] Because the assignments of error are substantially interrelated, they will be addressed together.
 {¶ 15} At the crux of appellant's appeal is his argument that the trial court erred when it granted summary judgment in favor of the appellees. More specifically, he asserts that because he did not waive his doctor-patient privilege, genuine issues of material fact exist to be litigated, making summary judgment improper in this instance.
 {¶ 16} "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 17} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed.2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 18} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ. R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 19} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ. R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 20} Appellant's first, second and fourth assignments of error assert that the trial court erred when it granted summary judgment in favor of Dr. Thysseril, Oak Tree, Southwest, and Galehouse. The record indicates that appellant waived his doctor-patient privilege with respect to his divorce action. In addition, the facts of this case strongly suggest that the court's interest in protecting the safety of appellant's minor child far outweighed his patient confidentiality.
 {¶ 21} This court's holding in Gill v. Gill, Cuyahoga App. No. 81463, 2003-Ohio-180, directly addresses the doctor-patient privilege and how it is impacted by child custody proceedings. Gill states:
 {¶ 22} "Under this statute, the filing of any civil action by a patient waives the physician-patient privilege as to any communication that relates causally or historically to the physical or mental injuries put at issue by such civil action. Whenever custody of children is in dispute, the party seeking custodial authority subjects him or herself to extensive investigation of all factors relevant to the permanent custody award. Of major importance, as stated in R.C. 3109.04 (F)(1)(e), is the mental and physical health of not only the child, but also the parents. R.C. 3109.04 places the mental conditions of all family members squarely in issue.
 {¶ 23} "We have also held that a party seeking custody of a child in a divorce action makes his or her mental and physical condition an issue to be considered by the court in awarding custody and that the physician-patient privilege does not apply."
 {¶ 24} Additionally, the Ohio Supreme Court's judgment in Biddle v.Warren General Hospital (1999), 86 Ohio St.3d 395, addresses countervailing interests versus patient confidentiality during court proceedings. Biddle provides in pertinent part:
 {¶ 25} "In Ohio, an independent tort exists for the unauthorized, unprivileged disclosure to a third party of nonpublic medical information that a physician or hospital has learned within a physician-patient relationship.
 {¶ 26} "In the absence of prior authorization, a physician or hospital is privileged to disclose otherwise confidential medical information in those special situations where disclosure is made in accordance with a statutory mandate or common-law duty, or where disclosure is necessary to protect or further a countervailing interest that outweighs the patient's interest in confidentiality."
 {¶ 27} Appellant waived his doctor-patient privilege when he authorized his physician to submit a report detailing his treatment to the domestic relations court and when he filed an action seeking child custody. Appellant's hearing directly involved the care and custody of his minor child. Knowing that the trial court's determination regarding custody would strongly hinge upon the state of his mental health, appellant authorized his physician to submit a report to the trial court detailing his condition, treatment, and prognosis.
 {¶ 28} It is important to note that at the time appellant authorized the release of his medical information to the domestic relations court, his counsel was present. Appellant's authorization waived the doctor-patient privilege. Additionally, as held in Gill, when an individual requests child custody, his mental health is directly at issue, which waives the doctor-patient privilege as well. It is clear from appellant's actions that he effectively waived his doctor-patient privilege.
 {¶ 29} In addition, appellant's interests in confidentiality are far outweighed by the concerns surrounding the care of his daughter. Appellant suffers from bipolar disorder, yet was requesting custody of his minor child. In order for the domestic relations court to make an effective decision regarding appellant's ability to adequately care for his child, it was necessary for the court to evaluate his medical information and prognosis. Similarly, it was important for opposing counsel, as well as the guardian ad litem, to have access to the medical reports in order to make the most informed decisions regarding custody and visitation. It is clear that no genuine issue of material fact remained to litigate at trial. Not only did appellant effectively waive his doctor-patient privilege, but the facts strongly indicate that the safety of his daughter far outweighed his confidentiality as a patient. Accordingly, the trial court did not abuse its discretion when it granted summary judgment in favor of Dr. Thysseril, Oak Tree, Southwest, and Galehouse. Appellant's first, second and fourth assignments of error are overruled.
 {¶ 30} With respect to appellant's third assignment of error, this court agrees with his argument that the trial court erred in awarding summary judgment in favor of attorney Barbara Belovich. Belovich represented Galehouse in the divorce action. While their divorce action was pending, appellant and Galehouse were involved in an alleged domestic violence matter that was prosecuted in the Cuyahoga County Court of Common Pleas. During that case, Belovich forwarded information regarding appellant's psychiatric condition to the prosecution. Appellant waived disclosure of his mental health information in the divorce action; however, he did not assert the same waiver with respect to the domestic violence matter. Although this information could have aided the prosecution's case, it was the duty of the prosecution to conduct proper discovery in order to gain access to it.
 {¶ 31} Belovich overstepped her bounds as Galehouse's divorce attorney when she disseminated information regarding appellant's psychiatric condition to the prosecution in the domestic violence matter. On the basis of her actions, it is clear that a genuine issue of material fact remains to be litigated at trial. Accordingly, the trial court erred when it awarded summary judgment in favor of Belovich, and we find merit in appellant's third assignment of error.
Judgment affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellees share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS (WITH SEPARATE OPINION); MICHAEL J. CORRIGAN, J.*, CONCURS IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION).
 APPENDIX A
Appellant's four assignments of error:
I. The trial court abused its discretion and committed prejudicial error in granting defendant-Appellee Thomas J. Thysseril and Oak Tree Physicians, Inc.'s motion for summary judgment.
II. The trial court abused its discretion and committed prejudicial error in granting defendant-Appellee Southwest General Health Center's motion for summary judgment.
III. The trial court abused its discretion and committed prejudicial error in granting defendant-Appellee Barbara A. Belovich's motion for summary judgment.
IV. The trial court abused its discretion and committed prejudicial error in granting defendant Appellee Janice Galehouse-Hageman's motion for summary judgment.
[1] Appellant's four assignments of error are included in Appendix A of this Opinion.
*SITTING BY ASSIGNMENT: JUDGE MICHAEL J. CORRIGAN, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.)