JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Evelyn Potts, appeals the trial court's decision, which granted partial summary judgment in favor of appellee, The Edward R. Hart Company ("Hart"). After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On March 21, 2003, appellant filed a complaint against numerous defendants, including Hart, which alleged that defendants were responsible for asbestos-related injuries suffered by her late husband, Charles Potts, who died from mesothelioma. There were several manufacturers of the asbestos, including: Johns-Manville Corporation ("Johns-Manville"); the Celotex Corporation, successor in interest to Phillip Carey Manufacturing Company ("Carey-Celotex"); and/or Owens Corning Fiberglass Corporation ("Owens-Corning"), (collectively "the Manufacturers"). Hart was not a manufacturer, but rather an installer/supplier of insulation products manufactured by the Manufacturers.
 {¶ 3} Trial was scheduled to begin on February 13, 2006. On the first day of trial, a hearing was held on two motions asserted by Hart. The first was a motion in limine arguing that R.C. 2307.78(B), the statute governing vicarious liability on behalf of a supplier, was unconstitutionally retroactive. The second motion was a cross-motion to exclude evidence of vicarious liability under R.C. 2307.78 (B)(1). Prior to trial, each party had an opportunity to fully brief the issues, and oral arguments were held on the first day of trial.
 {¶ 4} On March 8, 2006, the trial court issued a journal entry holding that Hart's cross-motion to exclude evidence of vicarious liability was deemed a motion for partial summary judgment and was granted. In addition, the trial court concluded that Hart's motion in limine was rendered moot as a result of the grant of partial summary judgment. *Page 4 
 {¶ 5} Although Potts' complaint asserted other causes of action against Hart, she dismissed her case and filed this appeal. She asserts one assignment of error for our review.
 {¶ 6} "I. The trial court erred in failing to apply the unambiguous meaning of the phrase `not subject to judicial process' as used in R.C. 2307(B)(1). Stip. Rec. No. 102 at 28; Stip. Rec. No. 108."
 {¶ 7} Potts argues that the term "judicial process" is unambiguous in its definition that, to be subject to judicial process, one is subject to the institution of judicial proceedings. More specifically, she contends that because the Manufacturers in the present case have filed for bankruptcy, they are insolvent, as defined by R.C. 2307.78(B)(2); thus, they are no longer subject to judicial process. Potts contends that because the Manufacturers are not subject to judicial process, Hart must be held vicariously liable for their actions, and the trial court's decision to award partial summary judgment on the issue of vicarious liability was in error.
 {¶ 8} To the contrary, Hart asserts that the term "judicial process" is ambiguous and because of that ambiguity, it was necessary for the trial court to *Page 5 
interpret its meaning. After interpreting the statute, the trial court determined that the term "judicial process" referred to personal jurisdiction. The trial court then concluded that, although the Manufacturers had initiated bankruptcy proceedings, that did not exclude them from personal jurisdiction under R.C. 2307.78(B)(2); thus, Hart was not subject to vicarious liability for their actions. Hart contends that the trial court did not err in its conclusion and that partial summary judgment on the issue of vicarious liability was proper in this case.
 {¶ 9} We disagree with Potts' argument that the trial court erred in granting Hart partial summary judgment on the issue of vicarious liability.
 {¶ 10} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 11} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved *Page 6 
in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 12} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim.'" Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 13} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140. *Page 7 
 {¶ 14} R.C. 2307.78 (B)(1) and (2) provide in pertinent part:
 {¶ 15} "(B) A supplier of a product is subject to liability for compensatory damages based on a product liability claim under sections2307.71 to 2307.77 of the Revised Code, as if it were the manufacturer of that product, if the manufacturer of that product is or would be subject to liability for compensatory damages based on a product liability claim under sections 2307.71 to 2307.77 of the Revised Code and any of the following applies:
 {¶ 16} "(1) the manufacturer of that product is not subject to judicial process in this state.
 {¶ 17} "(2) The claimant will be unable to enforce a judgment against the manufacturer of that product due to actual or asserted insolvency of the manufacturer."
 {¶ 18} The term "judicial process," as it appears in R.C.2307.78(B)(1), is not readily defined by any provision of the Revised Code. Accordingly, the trial court was correct in determining that its definition was ambiguous and needed further interpretation. After conducting extensive research on the legislative intent behind the term and persuasive case law addressing the term from the Ohio appellate courts, the trial court determined that judicial process was akin to personal jurisdiction. One of the most persuasive cases defining the term is Evans v. Mellott Mfg. Co., (June 15, 2000), 4th Dist. App. No. 98CA838. In Evans, the Fourth District Court of Appeals stated: *Page 8 
 {¶ 19} "R.C. 2307.78(B)(1) imposes this `substituted liability' upon the supplier if the manufacturer is not subject to the jurisdiction ofthe Ohio courts, while R.C. 2307.78(B)(2) imposes liability upon the supplier if the manufacturer is insolvent." (Emphasis added)
 {¶ 20} Evans clearly provides that the term "judicial process" is defined as personal jurisdiction; however, the trial court also consulted other case law with similarly persuasive definitions of the term. It is clear that the trial court went to great lengths to ensure that it properly defined "judicial process" and correctly concluded that the term, as used in R.C. 2307.78 (B)(1), refers to personal jurisdiction.
 {¶ 21} In addition, the trial court was also correct in its determination that bankruptcy did not prevent the Manufacturers from being subject to judicial process. In 1998, the Ohio legislature revised R.C. 2307.78(B) and replaced the term "bankruptcy" with "insolvency." Although at first glance one may conclude that insolvency is a broader term that encompasses bankruptcy, that is not always the case. Insolvency is defined as an inability to pay one's debts. Although filing bankruptcy may be an assertion of insolvency, not all bankruptcy actions necessarily result in insolvency.
 {¶ 22} In the present case, each of the Manufacturers filed for and secured bankruptcy; however, each of the bankruptcy actions resulted in trusts being created for the purpose of paying claimants. On August 26, 1982, Johns-Manville filed a voluntary petition for Chapter 11 reorganization and currently maintains a trust of *Page 9 
over $1.6 billion to pay asbestos claimants. Similarly Carey/ Celotex filed bankruptcy on October 12, 1990, yet has a trust of over $680 million in assets available for the payment of claims against the trust. On October 5, 2000, Owens-Corning also voluntarily filed bankruptcy, yet today is a fully functioning corporation with a trust worth over $1 billion in assets and $8.9 billion in asbestos reserves. It is important to note that each of these trusts has routinely compensated injured workers with legitimate claims. It is clear from these figures that the Manufacturers have the ability to pay potential claimants, thus they are not insolvent for purposes of R.C. 2307.78(B).
 {¶ 23} The trial court did not err when it granted partial summary judgment in favor of Hart. It correctly interpreted the language of R.C.2307.78(B) and accurately determined that no genuine issue of material fact remained to be litigated with respect to the issue of vicarious liability. Accordingly, Potts' assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
MARY EILEEN KILBANE, J., CONCURS;
 CHRISTINE T. McMONAGLE, J., CONCURS IN JUDGMENT ONLY. *Page 1