JOURNAL ENTRY AND OPINION
{¶ 1} The Estate of plaintiff-appellant Robert Rahmes ("Estate") appeals from summary judgment granted in favor of defendants-appellees Oglebay Norton Company, Owens-Illinois, Inc., McGraw Construction Company, Inc. And R.E. Kramig Company, Inc. ("Kramig"). Subsequently, the following defendants-appellees settled all claims with the Estate: Oglebay Norton Company, Owens-Illinois, Inc., and McGraw Construction Company. Thus, Kramig is the only *Page 3 
remaining defendant-appellee upon appeal. The Estate appeals the trial court's decision to grant Kramig's motion for summary judgment. Upon review of the record, we affirm.
 {¶ 2} On September 22, 2004, Robert Rahmes ("Rahmes") filed a complaint against multiple defendants including Kramig, alleging defendants' liability for Rahmes' asbestos exposure and his subsequent diagnosis with mesothelioma. Rahmes passed away from mesothelioma on December 27, 2004, while the instant action was pending with the trial court. Asbestos exposure is the sole cause of mesothelioma.
 {¶ 3} Rahmes worked for Armco Steel in both its Hamilton, Ohio, and Middletown, Ohio plants from approximately 1965 to 1982. Rahmes worked as a front-end loader operator in the blast furnace department. Rahmes testified that his occupation entailed removing materials from the front-end loader, including pipe insulation materials. Rahmes testified that there was very little space in the Armco facilities that he did not cover. The Estate alleges that Rahmes was exposed to asbestos while working at Armco Steel. Specifically, the Estate alleges that Rahmes was exposed to asbestos via products supplied and installed by Kramig at Armco Steel. Kramig distributed Philip Carey insulation products throughout the Cincinnati area and possibly north to Dayton and Columbus. *Page 4 
 {¶ 4} Appellate courts review motions for summary judgment de novo.Retting v. General Motors Corp., Cuyahoga App. No. 86837,2006-Ohio-6576. Pursuant to Civ.R. 56(C), summary judgment is appropriate when: first, there exists no genuine issue as to any material fact; second, the moving party is entitled to judgment as a matter of law; and third, based on evidence or stipulation, reasonable minds can come to but one conclusion and said conclusion is adverse to the party against whom the motion for summary judgment is made. InPotts v. 3M Co., Cuyahoga App. No. 87977, 2007-Ohio-1144, the Eighth District Court of Appeals held the following:
 "The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." (Internal citations omitted.)
"The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings." Id. "The nonmoving party must set forth `specific facts' by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists." Id.
 {¶ 5} When making an asbestos claim where multiple defendants exist, as here, the plaintiff has the burden to prove exposure to each defendant's product and that the product was a substantial factor in causing plaintiff's injury. Horton v. Harwick Chemical Corp.,73 Ohio St.3d 679, 1995-Ohio-286. "The word `substantial' is used to denote the fact that the defendant's conduct has such an *Page 5 
effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in a popular sense, in which there always lurks the idea of responsibility, rather than the so-called `philosophical sense,' which includes every one of the great number of events without which any happening would not have occurred." Horton, citing Restatement of the Law 2d, Torts (1965), Section 431, Comment a. The General Assembly, effective September 2, 2004, set forth factors that will satisfy plaintiff's burden in R.C. 2307.96(B):
 "A plaintiff in a tort action who alleges any injury or loss to person resulting from exposure to asbestos has the burden of proving that the plaintiff was exposed to asbestos that was manufactured, supplied, installed, or used by the defendant in the action and that the plaintiff's exposure to the defendant's asbestos was a substantial factor in causing the plaintiff's injury or loss. In determining whether exposure to a particular defendant's asbestos was a substantial factor in causing the plaintiff's injury or loss, the trier of fact in the action shall consider, without limitation, all of the following:
 (1) The manner in which the plaintiff was exposed to the defendant's asbestos;
 (2) The proximity of the defendant's asbestos to the plaintiff when the exposure to the defendant's asbestos occurred;
 (3) The frequency and length of the plaintiff's exposure to the defendant's asbestos;
 (4) Any factors that mitigated or enhanced the plaintiff's exposure to asbestos."
 {¶ 6} In adopting R.C. 2307.96(B), the General Assembly effectively overruled paragraph two of the Horton syllabus which states, "A plaintiff need not prove that he *Page 6 
was exposed to a specific product on a regular basis over some extended period of time in close proximity to where the plaintiff actually worked in order to prove that the product was a substantial factor in causing his injury." Vince v. Crane Co., Goodyear Tire Rubber Co. AndOwens-Illinois, Inc., Cuyahoga App. No. 87955, 2007-Ohio-1155. As such, proof of substantial harm need not be proven solely by substantial exposure to the product in question. Id.
 {¶ 7} However, the Ohio Supreme Court did not establish what other forms of proof would constitute a "substantial factor." Id. The Eighth District Court of Appeals held: "[T]he mere assertion that the plaintiff had worked in the vicinity of a product containing asbestos cannot be considered a substantial factor in causing the injury." Id. In making its determination, the Horton and Vince courts took the "fiber drift" phenomenon into consideration, in which asbestos dust, when released into the air, can travel distances with air currents. Despite this phenomenon, the Ohio Supreme Court still chose to adhere to the "substantial factor" test. Vince, supra.
 {¶ 8} In applying the law to the facts of this case, there exists no genuine issue of material fact. A review of the entire record reveals that the Estate failed to demonstrate that Rahmes was not only exposed to asbestos via products supplied and installed by Kramig but that said asbestos exposure was a substantial factor in causing Rahmes' injury. As such, reasonable minds can come to but one conclusion and said conclusion is adverse to the Estate. *Page 7 
 {¶ 9} During the hearing held March 13, 2006, the trial court granted Kramig's previously filed motion to strike. In doing so, the trial court struck nine depositions that the Estate submitted to the court. The nine depositions support the Estate's contention that Kramig acted as a supplier of Philip Carey Products to Armco Steel during the years in question. Regrettably, the Estate appeals only the trial court's ruling on Kramig's motion for summary judgment and not the trial court's ruling on Kramig's oral motion to strike the nine depositions. Thus, we are limited on appeal to reviewing Kramig's motion for summary judgment in light of the trial court striking nine of the Estate's depositions. We are not assigned on appeal, to review whether the nine depositions should have been stricken or whether the nine depositions establish that Kramig acted as a supplier of Philip Carey products to Armco Steel. Since we may not consider whether the nine depositions established that Kramig acted as supplier of Philip Carey products to Armco Steel, we must conclude that no genuine issue of material fact exists.
 {¶ 10} The record reveals that Kramig was the major supplier of Philip Carey products to the Cincinnati area and as far north as Dayton and Columbus during the years at issue in the instant case. Philip Carey products contained asbestos. However, there is no conclusive evidence that Kramig supplied Philip Carey products to Armco Steel plants in Hamilton, Ohio or Middletown, Ohio. *Page 8 
 {¶ 11} Second, the record reveals that Philip Carey products were used in the Armco Steel facilities in both Hamilton, Ohio and Middletown, Ohio. However, there exists no conclusive evidence that Kramig supplied these products to Armco Steel.
 {¶ 12} Third, not a single co-worker testified to seeing Rahmes near products supplied specifically by Kramig.
 {¶ 13} Finally, the Estate argues that because of fiber drift within the Armco Steel plants, Rahmes was exposed to asbestos via products supplied and installed by Kramig. Again, however, there lacks demonstrable evidence connecting Kramig to Rahmes' injuries.
 {¶ 14} As such, the Estate failed to demonstrate Rahmes' exposure to asbestos via Kramig's supply and installation of Philip Carey products. Nor has the Estate established that Rahmes' exposure to asbestos via Kramig was a substantial factor in causing Rahmes' final illness through any of the four factors delineated in R.C. 2307.96(B).
 {¶ 15} Therefore, the Estate's single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., CONCURS
ANN DYKE, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)