JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Nour Management Company, Inc. ("Nour"), appeals the trial court's decision, which granted summary judgment in favor of appellee, Rolf Goffman Co., L.P.A. ("RG"). After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} This matter involves two separate appeals that were consolidated for hearing and disposition. On May 11, 2005, RG filed a complaint against Nour for nonpayment of legal fees. On January 18, 2006, after several case management conferences, Nour's legal counsel filed a motion for leave to withdraw from representation. On February 16, 2006, RG filed a motion for summary judgment. In support of its motion, RG submitted a brief and deposition transcripts of Ira Goffman, the principal of RG, and Dr. George Saad, the owner and president of Nour. On the same day that RG filed its motion for summary judgment, a pretrial hearing was held between the parties. As a result of that hearing, the trial court granted a motion to withdraw from representation filed by Nour's counsel. At the pretrial hearing, the trial court informed Saad that he would need to obtain new legal counsel in order to respond to RG's pending motion for summary judgment.
 {¶ 3} On March 16, 2006, attorney Robert W. McIntyre contacted RG and indicated that he was serving as legal counsel for Nour. Despite the fact that RG's motion for summary judgment was pending before the trial court, Nour did not respond to the motion, nor did McIntyre or his law firm enter a notice of appearance. *Page 4 
 {¶ 4} On March 28, 2006, the trial court issued a decision granting summary judgment in favor of RG. As a result, RG was awarded $20,957.65 in legal fees, plus costs and interest. On May 10, 2006, Nour filed a motion to vacate the grant of summary judgment, which was denied on June 15, 2006. Nour appeals the trial court's decisions granting RG's motion for summary judgment and denying its motion to vacate.
 {¶ 5} The incident that gave rise to the present case began in the summer of 2000. During that time, Saad, who owned and operated Nour, sought to purchase Deaconess Hospital, located in the city of Cleveland. At the time Saad was negotiating the purchase, Deaconess was in bankruptcy proceedings. Saad contacted attorney Ira Goffman from RG to aid in facilitating the purchase and any matters that might arise as a result of the purchase. Before a lawyer-client relationship was established, Goffman presented Saad with an engagement letter detailing the terms and conditions of representation and legal fees. On July 10, 2000, Saad signed the engagement letter on behalf of Nour, agreeing to retain RG for legal services.
 {¶ 6} Based on the agreement, RG commenced legal representation of Nour and aided in the purchase of Deaconess Hospital. Once the purchase was approved by the bankruptcy court on September 6, 2000, RG continued to represent Nour in legal matters arising from the operation of the hospital and continued to bill Nour for legal services. *Page 5 
 {¶ 7} At the time that RG commenced legal action against Nour for nonpayment, RG's records indicated that Nour owed an outstanding balance of $20,957.65. RG claimed that under the agreement entered into between RG and Nour, it was entitled to interest at a rate of 1.5 percent per month, or 18 percent per annum, for all sums due for more than 30 days.
 {¶ 8} Nour brings this appeal asserting three assignments of error.
 {¶ 9} "I. The trial court erred in entering the unopposed motion for summary judgment in favor of the plaintiff immediately after allowing the defendant-appellant's legal counsel to withdraw from representation."
 {¶ 10} Nour argues that the trial court abused its discretion when it ruled on RG's pending motion for summary judgment. More specifically, Nour argues that the trial court's actions were improper in light of the fact that its legal counsel had just been permitted to withdraw. Nour contends that because of the withdrawal of its legal counsel, it was not properly represented at the time RG's motion was pending before the trial court, thus, it did not have an adequate opportunity to respond to the motion. We do not agree.
 {¶ 11} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481,450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v Jenkins (1984), *Page 6 15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959), 355 Mich. 382,384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 12} On January 18, 2006, Nour's former legal counsel filed a motion to withdraw from representation, and the motion was granted on February 16, 2006. On that same day, RG filed its motion for summary judgment. At the hearing regarding the motion to withdraw, the trial court specifically informed Saad that there was a motion for summary judgment pending against Nour and that he should retain legal counsel promptly in order to respond to that motion. Saad informed the court that he understood there was a pending motion and was aware of the urgency of the situation.
 {¶ 13} On March 28, 2006, attorney Robert McIntyre contacted RG and indicated that he was serving as legal counsel for Nour. Despite this notification, McIntyre never submitted a notice of appearance to the trial court, nor did he address the pending motion for summary judgment or request an extension of time. On March 28, 2006, almost two weeks after McIntyre informed RG that he was serving as Nour's legal counsel, the trial court issued a decision granting summary judgment in favor of RG. *Page 7 
 {¶ 14} It is clear that the trial court did not err in its decision making. Although Nour argues it was not given an adequate opportunity to respond to the motion, Saad was informed well in advance that he needed to retain legal counsel and did so before the trial court issued its decision.
 {¶ 15} We do not find that the trial court's actions were unreasonable, arbitrary, or unconscionable when it ruled on RG's motion for summary judgment. Accordingly, the trial court did not abuse its discretion, and Nour's first assignment of error is without merit.
 {¶ 16} Because Nour's second and third assignments of error are substantially interrelated, we address them together.
 {¶ 17} "II. The trial court erred in entering summary judgment in favor of the plaintiff when there were genuine factual disputes regarding who was the client from which the legal fees were allegedly owed.
 {¶ 18} "III. The trial court erred in entering summary judgment in favor of the plaintiff when the plaintiff failed to offer evidence to establish the elements of its claims, including the reasonableness and necessity of legal fees."
 {¶ 19} Nour argues that the trial court erred when it granted summary judgment in favor of RG. It contends that genuine issues of material fact remained to be litigated regarding which entity — Nour Management or Deaconess Hospital-was responsible for payment of the fees. Nour contends that it was acting as an agent for Deaconess Hospital at the time it entered into the fee agreement, thus, it is *Page 8 
not responsible for payment to RG. In addition, Nour asserts that summary judgment was unwarranted in this case because the trial court failed to make an accurate determination regarding the reasonableness and necessity of attorney's fees claimed by RG before it approved the award.
 {¶ 20} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 21} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 22} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, *Page 9 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact or material element of the nonmovingparty's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 23} This court reviews the lower court's grant of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 24} We find no merit in Nour's argument that the trial court erred when it granted RG's motion for summary judgment. Before Nour and RG entered into an attorney-client relationship, RG sent Saad an engagement letter detailing the legal services that would be provided to Nour, as well as the fees for those services. The only parties to that agreement were Nour and RG. Although Nour now claims *Page 10 
that it entered into the agreement in the capacity of an agent, Nour had not yet purchased Deaconess Hospital at the time the agreement was signed, thus, it could not have been acting as its agent.
 {¶ 25} Nour's argument regarding the reasonableness and necessity of fees is equally without merit. The engagement letter detailed the hourly rate for legal services, as well as the consequences for nonpayment. When Saad signed the letter on behalf of Nour, he specifically agreed to engage the legal services of RG and pay all charges resulting from legal representation. When RG filed its motion for summary judgment, it submitted Nour's outstanding balance as well as supporting documentation. The trial court carefully reviewed the documents and determined that the legal fees claimed by RG were in accordance with the terms of the agreement.
 {¶ 26} We do not find that the trial court erred when it granted summary judgment in favor of RG. On the basis of the agreement entered into between the parties, it is clear that no genuine issues of material fact remain to be litigated with respect to which entity is responsible for payment of the legal fees, as well as the reasonableness and necessity of those fees. Accordingly, appellant's second and third assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 11 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS;
ANTHONY O. CALABRESE, JR., J., DISSENTS
(SEE SEPARATE OPINION).