DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellants Pamela and Nestor Young (collectively "the Youngs"), appeal from the decision of the Wayne County Court of Common Pleas granting Defendant-Appellees Cecil L. Leslie's ("Leslie") motion for summary judgment and Westfield Insurance Company's ("Westfield") (collectively "Appellees"), motion to dismiss. This Court affirms.
 I {¶ 2} Neither party disputes the following facts that underlie this case. On October 6, 2003, the Youngs were injured in a car collision when Leslie failed to obey a stop sign and broadsided their car. At the scene, Leslie admitted that his negligence caused the collision. The Youngs incurred medical expenses and missed work based on their injuries. On September 29, 2005, the Youngs filed a negligence claim against Leslie and his employer. The court dismissed the case without prejudice on September 14, 2006, for failure to prosecute, which gave the Youngs until September 14, 2007, to refile their complaint. During the pendency of the initial *Page 2 
case, Leslie's insurer, Westfield, began settlement discussions with the Youngs. In response to Westfield's request for a settlement figure, the Youngs demanded $250,000. Months prior to September 14, 2007, Westfield made a settlement offer of $127,000, which the Youngs never accepted. The parties agreed to mediate the matter. Westfield chose the mediator, Jeff Wilkof, and the parties agreed to a mediation date of October 12, 2007. Wilkof confirmed the mediation in a letter to both parties in which he set forth the terms of the mediation and requested specific information from each party. Both parties provided the requisite information to Wilkof prior to mediation. On October 9, 2007, counsel for Appellees informed counsel for the Youngs that the settlement offer had been withdrawn because the Youngs' claims were time-barred, given that they had not refiled their claims within one year from the time their original action was dismissed. On October 9, 2007, the Youngs refiled their complaint, which was later amended to include breach of express and implied contract, bad faith, and violation of public policy claims against Westfield.
 {¶ 3} On November 9, 2007, Leslie filed a motion to dismiss, or in the alternative, a motion for summary judgment. On that same day, Westfield filed a motion to dismiss the claims asserted against it in the amended complaint. On February 27, 2008, the court granted Leslie's motion for summary judgment and Westfield's motion to dismiss. The Youngs have timely appealed both judgments, asserting a single assignment of error.
 Assignment of Error "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT ON THE AMENDED COMPLAINT."
 {¶ 4} In their sole assignment of error, the Youngs argue that summary judgment was inappropriately granted because genuine issues of material fact exist with respect to their claim that Leslie is equitably estopped from asserting a statute of limitations defense. Specifically, *Page 3 
they argue that Appellees admitted liability; that Westfield, on behalf of Leslie, made an offer to settle and engage in mediation; and that they relied on Westfield's representations that the matter would be resolved at mediation. The Youngs further argue that Westfield's conduct during the settlement discussions gave rise to a cause of action against the insurer based in promissory estoppel and breach of contract. The Youngs maintain that Westfield promised to mediate their claim outside of litigation; that they relied on Westfield's promise; that it was foreseeable that the Youngs would rely on Westfield's promise; and that the Youngs were injured by their reliance when Westfield withdrew its offer, failed to mediate, and filed a motion to dismiss. Finally, the Youngs argue that a contract arose between them and Westfield on September 12, 2007, when the parties agreed in writing to mediate their claim.
 {¶ 5} An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in the favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type *Page 4 
listed in Civ. R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 7} As the party moving for summary judgment, it was Leslie's burden to prove the absence of a genuine issue of material fact. Leslie asserted that the Youngs' claims were all time-barred and proffered evidence of the undisputed timeline of events. The underlying collision occurred on October 6, 2003, which lead to the initial complaint being filed on September 29, 2005. The statute of limitations on a bodily injury claim is 2 years, thus the Youngs had timely filed their initial complaint. See R.C. 2305.10(A). The initial complaint was dismissed without prejudice on September 14, 2006, invoking the one year savings statute. The savings statute afforded the Youngs one year from the date of dismissal within which to refile; therefore the Youngs had until September 14, 2007, to re-file their complaint and preserve their claim against Leslie. See R.C. 2305.19(A). The complaint was not refiled, however, until October 10, 2007, nearly a month after the savings statute had expired. In their brief, the Youngs concede that the one-year savings statute had expired. Thus, we conclude that Leslie has met his Dresher burden and now turn to the Youngs to identify any material facts that remain in dispute.
 {¶ 8} To overcome Leslie's statute of limitations defense, the Youngs argue that Leslie is equitably estopped from asserting such a defense based on his insurer's conduct. In order to invoke the principle of equitable estoppel, the Youngs must prove that they "actually relied on a factual misrepresentation of Appellee[s] and that such reliance was reasonable and in good faith." Williams v. Chippewa Roofing, Inc. (Aug. 20, 1997), 9th Dist. No. 96CA0089, at *5. *Page 5 
"[T]he primary focus is on the conduct of the party against whom the estoppel is asserted and the reasonable reliance of the party asserting it." (Emphasis in original.) Kosa v. Pruchinsky (1992),82 Ohio App.3d 649, 652. "The purpose of equitable estoppel is to prevent fraud[.]"Doe v. Archdiocese of Cincinnati, 116 Ohio St.3d 538, 2008-Ohio-67, at¶ 9. The Youngs argue that Westfield's initial settlement offer of $127,000 was an "unconditional offer" and that Westfield's representative informed them that there was "more money" available when she agreed to move forward and mediate the Youngs' claim. The Youngs proceed to argue that these statements were misleading and that they were induced to rely on the representations that their claim would settle for an amount higher than $127,000 when the parties moved forward in selecting a mediator and mediation date, only to have the offer withdrawn once the statute of limitations on their claim had expired. The Youngs have failed to proffer any evidence, however, to establish that Westfield made a factual misrepresentation as to the statute of limitations. Further, the record is without any reference to the parties discussing the statute of limitations on the Youngs' negligence claim, much less any agreement to waive or toll it, so we consider the Youngs' argument that a material dispute remains on this issue to be wholly unfounded. In this case, the Youngs were in a position to know that the statute of limitations would expire on September 14, 2007, and that they needed to refile their complaint in order to preserve their claim and continue settlement negotiations with Westfield. Westfield's willingness to mediate the case while the Youngs had a viable claim did not equate to a waiver of the statute of limitations, nor did it represent an unconditional guarantee to continue to mediate once the Youngs' claim was no longer actionable.
 {¶ 9} The Youngs argued in response to the summary judgment motion and again on appeal that the facts of this case support a cause of action against Westfield based in promissory *Page 6 
estoppel. Our review of the pleadings reveals, however, that the Youngs never asserted a claim or any facts in support of a finding of promissory estoppel against Appellees in their first or second amended complaint, nor did they request leave from the court to further amend their complaint. "A response by a plaintiff in opposition to a defendant's motion for summary judgment is not the appropriate avenue by which to raise causes of action not previously set forth in a pleading. *** One who fails to properly amend his complaint to reflect new causes of action acts at his peril, particularly when motions for summary judgment are being considered." (Internal quotations omitted.)Perrine v. Perrine (Dec. 9, 1998), 9th Dist. No. 19024, at *4. Because the Youngs failed to plead the issue of promissory estoppel, this Court will not consider it for the first time on appeal. Id. at *5.
 {¶ 10} The Youngs argue that Hounshell v. American States Ins.Co. (1981), 67 Ohio St.2d 427, should control our decision in this matter. Hounshell is a case where the insureds sued their insurer to recover for fire losses and the court was required to determine whether the insurer waived the limitation of action clause contained in the parties' insurance policy. We consider Hounshell inapposite to the case at bar, as neither the parties to the action, nor the issue before the Court, are the same. In the case sub judice, a third-party is suing the tortfeasor's insurer over a statute of limitations dispute.
 {¶ 11} We conclude that the Youngs failed to meet their reciprocalDresher burden because they were unable to point to any remaining genuine issues of material fact. Therefore, the trial court did not error in granting Leslie's motion for summary judgment.
 {¶ 12} The Youngs likewise argue on appeal that summary judgment was inappropriately granted because a genuine issue of material fact exists with respect to their claims breach of express and implied contract. We note, however, that the trial court did not grant summary *Page 7 
judgment to Westfield on these claims. Rather, Westfield's motion before the court, and the court's subsequent determination were based on adismissal of the claims against Westfield. The court did not treat Westfield's motion to dismiss as one for summary judgment. CompareProctor v. Patel, 9th Dist. No. 3173-M, 2002-Ohio-1381 (concluding that, where a motion to dismiss presents matters outside the pleadings, the motion can appropriately be treated as a motion for summary judgment once the court gives the parties the requisite notice of its intent to do so). Thus, the Youngs' argument on appeal, that there remain genuine issues of material fact, is misplaced and lacks merit.
 III {¶ 13} The Youngs' sole assignment of error is overruled. The Court denies Appellees' motion to strike as unnecessary, as we review the parties' briefing within the limitations of the appellate rules. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 8 
Costs taxed to Appellants.
CARR, P. J., DICKINSON, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to § 6(C), Article IV, Constitution). *Page 1