[Cite as *Goldman v. Nationwide Life Ins. Co.*, 2012-Ohio-3574.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   97871

## STANLEY GOLDMAN, EXECUTOR FOR THE ESTATE OF HARVEY ROSNER

PLAINTIFF-APPELLANT

vs.

## NATIONWIDE LIFE INSURANCE COMPANY

DEFENDANT-APPELLEE

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-694931

**BEFORE:**   Keough, J., Blackmon, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**   August 9, 2012

**ATTORNEYS FOR APPELLANT**

Thomas C. Wagner
Thomas C. Wagner, LLC
1610 Hanna Building
1422 Euclid Avenue
Cleveland, OH 44115

Karl D. Kammer
75 Public Square
Suite 650
Cleveland, OH 44114

**ATTORNEYS FOR APPELLEE**

Natalie T. Furniss
Anne Marie Sferra
Bricker & Eckler, LLP
100 South Third Street
Columbus, OH 43215

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, Stanley Goldman, Executor of the Estate of Harvey Rosner, ("the Estate"), appeals the trial court's decision granting summary judgment in favor of defendant-appellee, Nationwide Life Insurance Company. For the reasons that follow, we affirm.

{¶2} In June 2007, Rosner, age 82, purchased a Nationwide Individual Single Purchase Payment Immediate Annuity ("the annuity") for $73,000 through U.S. Bancorp Investments, Inc. ("USBI") and its employee, Kristen Hummel. At that time, Hummel had been Rosner's financial advisor for approximately six years. Pursuant to the terms of the annuity, Rosner was to receive regular monthly payments during his lifetime, with the payments ceasing upon his death. The balance of the annuity, if any, would be paid to Nationwide.

{¶3} On April 15, 2008, Rosner passed away. Per the terms of the annuity, the monthly payments paid to Rosner and the balance of the annuity, approximately $65,000, was delivered to Nationwide.

{¶4} In June 2009, the Estate filed a lawsuit against Nationwide, USBI, and Hummel, alleging that Hummel, as an agent of both Nationwide and USBI, sold Rosner an unsuitable financial product given Rosner's advanced age, serious medical conditions, and past personal and financial directives.

{¶5} USBI and Hummel filed a joint motion to stay proceedings pending

arbitration, asserting that any controversies arising out of any order or transaction between USBI and Rosner were subject to mandatory and binding FINRA arbitration. The trial court granted the joint motion and the Estate did not appeal.

{¶6} While the claims against USBI and Hummel were stayed, the Estate proceeded with the case against Nationwide. On March 5, 2010, the Estate and Nationwide filed a joint motion to stay proceedings pending the arbitration with the Estate, USBI, and Hummel. In this joint motion, the parties agreed that "Nationwide's liability, if any, is based solely upon a determination that [the Estate's] allegations against Defendant Hummel are true." The trial court granted the joint motion to stay.

{¶7} Following the arbitration hearing, an arbitration award was issued that summarily dismissed with prejudice all of the Estate's claims against USBI and Hummel. USBI and Hummel moved the trial court to confirm the arbitration award. The Estate did not oppose confirmation, provided it could still proceed with its case against Nationwide and Hummel, as an agent for Nationwide. The trial court confirmed the award and the Estate did not appeal.

{¶8} Based on the arbitration award and the parties' agreement regarding Hummel's liability, Nationwide moved for summary judgment. The Estate opposed the motion, asserting that Nationwide failed to properly train and supervise Hummel. The trial court granted Nationwide's motion.

{¶9} The Estate appeals, raising as its sole assignment of error that the trial court erred in granting summary judgment in favor of Nationwide.

{¶10} Civ.R. 56(C) provides that summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc*. 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201; *Temple v. Wean United, Inc*., 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). We review the trial court's judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241.

{¶11} It is well established that the party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264. The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Id*. The nonmoving party has a reciprocal burden of specificity and must set forth specific facts showing that there is a genuine issue for trial. *Id*. The reviewing court evaluates the record in a light most favorable to the nonmoving party. *Saunders v. McFaul*, 71 Ohio App.3d 46, 50, 593 N.E.2d 24 (8th Dist.1990). Any doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶12} In this case, Nationwide moved for summary judgment asserting (1) that the Estate's vicarious liability claims against it must fail as a matter of law because Hummel was found not liable; thus, no agency liability exists; and (2) the doctrine of res judicata applies due to the arbitration decision dismissing USBI and Hummel. In support of its motion, Nationwide relies on the allegations in the complaint, Nationwide and the Estate's joint motion to stay arbitration, and the arbitration award.

{¶13} The Estate contends that a genuine issue of material facts exists about Nationwide's duty to train and supervise the appropriate sale of the annuity. Specifically, the Estates sets forth the following questions as material facts:

1. How could Nationwide have permitted this insurance product to be sold by their agent to this elderly and infirm man?

2. What training and supervisory systems did Nationwide have in place at the time this product was sold to someone in the position of Mr. Rosner? Did they include measures designed to detect and prevent the inappropriate sale of the product to an elderly and serious[ly] infirm customer?

3. How did the "supervisory" procedures allegedly employed by Bancorp — the securities firm — compare with those required by Nationwide — an insurance company and the issuer of the annuity, especially with respect to an applicant's age and medical condition.

{¶14} In essence, the Estate argues that genuine issues of material fact exist on a claim of negligent supervision. However, reviewing the complaint filed in this matter, the Estate did not assert a claim of negligent supervision. In fact, our review of the pleadings reveal the claim of negligent supervision was raised for the first time in response to Nationwide's motion for summary judgment. "A response by a plaintiff in opposition to a defendant's motion for summary judgment is not the appropriate avenue

by which to raise causes of action not previously set forth in a pleading." *Young v. Leslie*, 9th Dist. No. 08CA0015, 2009-Ohio-396, ¶ 9. A plaintiff cannot include claims beyond those raised in the complaint for the first time in the summary judgment stage of the litigation without amending the complaint. *Everstaff, LLC v. Sansai Enviromental Techs, LLC*, 8th Dist. No. 96108, 2011-Ohio-4824, ¶ 13, citing *Wolk v. Paino*, 8th Dist. No. 94850, 2011-Ohio-1065, ¶ 36. Accordingly, the claim for negligent supervision is waived, and the Estate cannot use this claim to defeat Nationwide's motion for summary judgment.

{¶15} Nevertheless, even if the Estate had properly pled a cause of action for negligent supervision, summary judgment would still be proper because an essential element of a claim for negligent supervision is that the plaintiff must show that the agent, here Hummel, was incompetent and that Nationwide had actual or constructive knowledge of Hummel's incompetence. *Crable v. Nestle USA, Inc.*, 8th Dist. No. 86746, 2006-Ohio-2887, ¶ 39, citing *Payton v. Receivables Outsourcing, Inc.*, 163 Ohio App.3d 722, 2005-Ohio-4978, 840 N.E.2d 236 (8th Dist.). The Estate has failed to allege any facts demonstrating that Hummel was incompetent in her duties or that Nationwide knew or should have known of her incompetence. Accordingly, a claim for negligent supervision could not survive summary judgment.

{¶16} Our de novo review of the record demonstrates that summary judgment was properly granted in favor of Nationwide. The Estate and Nationwide jointly moved the trial court to stay proceedings pending resolution of the arbitration between the Estate and

USBI, and Hummel. The motion, stated: "[t]he parties agree that Nationwide's liability, if any, is based solely upon a determination that [the Estate's] allegations against Defendant Hummel are true." Furthermore, the parties agreed:

> Although neither plaintiff nor defendant herein concedes any of the claims and defenses that have been asserted, the parties recognize that the [arbitration] panel's determination as to the suitability of the annuity may either dispose entirely of the claim against Nationwide, or in the alternative, may have the practical effect of shaping the course of this lawsuit and/or any potential settlement negotiations between the parties.

{¶17} Thereafter, the parties cite the Ohio Supreme Court's rule of law in *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 20, which states,

> An agent who committed the tort is primarily liable for its action, while the principal is merely secondarily liable. The liability for the tortious conduct flows through the agent by virtue of the agency relationship to the principal. If there is no liability assigned to the agent, it logically flows that there can be no liability imposed upon the principal [for the agent's actions]. (Internal citations omitted).

{¶18} We find that no genuine issue of material facts exist that would preclude summary judgment in favor of Nationwide. The parties agreed in their joint motion to stay that "Nationwide's liability, if any, is based solely upon a determination that the Estate's allegations against Defendant Hummel are true." As a result of the arbitration, the claims against USBI and Hummel were dismissed with prejudice. While we cannot speculate as to the rationale behind the arbitrator's decision, it can be presumed based on the dismissal and the allegations raised in the complaint that Hummel was not found

liable for selling Rosner the annuity.

**{¶19}** The Estate's complaint does not raise any cause of action specifically against Nationwide. Rather, it alleges that Hummel exercised undue influence in her role as both an agent of USBI and Nationwide in inducing Rosner to purchase an unsuitable annuity based on his age, medical condition, and past and personal directives. Because no liability was found against Hummel during the arbitration proceedings, it logically flows that there can be no liability imposed upon Nationwide for Hummel's actions. *See Comer*. Furthermore, because the Estate has failed to demonstrate any genuine issue of material fact specifically against Nationwide, summary judgment is appropriate.

**{¶20}** Accordingly, we find the trial court did not err in granting summary judgment in favor of Nationwide; the Estate's sole assignment of error is overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

PATRICIA ANN BLACKMON, A.J., and

MARY J. BOYLE, J., CONCUR